# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re ) | | |
| ) | Case No. 15-22647-MER | |
| TRIPTELEVISION, LLC ) | Chapter 7 | |
| ) | | |
| Debtor(s) ) | | |

| | | |
|---|---|---|
| DAVID V. WADSWORTH ) | | |
| Chapter 7 Trustee, ) | Adversary Proceeding No. 17-01532-MER | |
| ) | | |
| Plaintiff ) | | |
| ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| RICH MEDIA EXCHANGE, LLC ) | | |
| STREAMSIDE PRODUCTIONS, LLC ) | | |
| KULIN STRIMBU ) | | |
| ) | | |
| Defendants ) | | |

## DEFENDANTS' ANSWER

Defendants, Rich Media Exchange, LLC, Streamside Productions, LLC and Kulin Strimbu, by and through counsel, respectfully submit this Answer to the Trustee's Complaint in this Adversary Proceeding.

### RESPONSE TO ALLEGATIONS RE: JURISDICTION AND VENUE

1.  Defendants admit the Court has subject matter jurisdiction, but deny the remaining allegations contained in paragraph 1.

2.  Defendants admit 28 U.S.C. § 157(b)(2)(H) defines this proceeding as a core proceeding.

1

3. Defendants admit venue is proper in this Court.

4. Defendants admit that the Trustee has commenced an adversary proceeding pursuant to Bank.R.Civ.P. 7001(1).

5. With respect to the allegations contained in paragraph 5 of the Trustee's Complaint, no factual response from the Defendants is required.

### RESPONSE TO GENERAL ALLEGATIONS

6. Defendants admit TripTelevision, LLC filed a Chapter 7 Voluntary Petition [Doc. # 1] on November 13, 2015.

7. Defendants admit the allegations in paragraph 7.

8. Defendants admit the allegations in paragraph 8.

9. Defendants admit the allegations in paragraph 9.

10. Defendants admit the allegations in paragraph 10.

11. Defendants deny the allegations contained in paragraph 11. Streamside Productions' principal address is 10036 Hope Island Dr, Las Vegas, NV 89134 while Rich Media Exchange, LLC's principal address is 7200 S. Alton Way, Suite A-190, Centennial, CO 80012.

12. Defendants admit the allegations contained in paragraph 12.

13. Defendants admit the allegations contained in paragraph 13.

14. Defendants admit that Ms. Strimbu had the authority to execute many acts on behalf of the Debtor but deny that Ms. Strimbu was in charge of all aspects of the Debtor.

15. Defendants deny the allegations contained in paragraph 15.

16. Defendants admit the allegations contained in paragraph 16.

17. Defendants admit that Ms. Strimbu is the manager and CEO of Rich Media Exchange, LLC, but otherwise denies the allegations contained in paragraph 17.

18. Defendants admit that Kulin Strimbu is the manager and 50% owner of Streamside but otherwise deny the allegations contained in paragraph 18.

19. Defendants deny the allegations contained in paragraph 19.

20. Defendants admit the allegations contained in paragraph 20 with the exception of the referenced case number, which is Douglas County District Court Case No. 13-CV-30905.

21. Defendants deny the allegations contained in paragraph 21.

22. Defendants admit the allegations contained in paragraph 22.

23. With respect to the allegations contained in paragraph 23 of the Trustee's Complaint, those allegations do not require a factual response. To the extent that a factual response could be deemed to be required, Defendants deny the allegations.

24. Defendants deny the allegations contained in paragraph 24.

25. Defendants admit that an Amended Order and Judgment in the amount of $55,298.56 was entered against the Debtor in Douglas County District Court Case Number 13-CV-30905 on April 28, 2015.

26. Defendants admit that the Debtor listed additional unsecured creditors against the Debtor, including claims asserted by Charles Fryberger in a federal court lawsuit asserted by Mr. Fryberger against the Debtor, Rich Media Exchange, LLC and Kulin Strimbu.

### RESPONSE TO FIRST CLAIM FOR RELIEF

27. Defendants incorporate by this reference their responses to the allegations contained in paragraphs 1 through 26 above.

28. Defendants admit that beginning with the judgment in Douglas County District Court Case No. 13-CV-30905, Debtor was indebted to VPR. Defendants also admit that the Debtor was indebted to Charles Fryberger for various contract amounts, as referenced in *Fryberger v. TripTelevision* et al., Case No. 15-CV-00363-MSK, United States District Court, District of Colorado (hereinafter "*Fryberger* case"). Defendants deny that the Debtor was liable for copyright infringement or the other non-contract claims asserted in the *Fryberger* case.

29. Defendants admit that the Debtor was insolvent and not operating at the time Streamside Productions, LLC transferred assets to Rich Media Exchange, LLC pursuant to the Asset Purchase Agreement dated May 1, 2015.

30. Defendants admit that the Debtor, TripTelevision, did not receive consideration for the transfer between Streamside Productions, LLC and Rich Media Exchange, LLC pursuant to the Asset Purchase Agreement dated May 1, 2015.

31. Defendants admit the allegations contained in paragraph 31.

32. Defendants deny the allegations contained in paragraph 32.

33. Defendants deny the allegations contained in paragraph 33.

34. Defendants deny the allegations contained in paragraph 34.

35. Defendants deny the allegations contained in paragraph 35.

**RESPONSE TO SECOND CLAIM FOR RELIEF**

36. Defendants incorporate by this reference their responses to the allegations contained in paragraphs 1 through 35 above.

37. Defendants admit that the Debtor was insolvent and not operating at the time Streamside Productions, LLC transferred assets to Rich Media Exchange, LLC pursuant to the Asset Purchase Agreement dated May 1, 2015.

38. Defendants admit that the Debtor, TripTelevision, did not receive any consideration for the transfer. The transfer was between Streamside Productions, LLC and Rich Media Exchange, LLC. Defendants deny that Streamside Productions, LLC did not receive any consideration for the Asset Purchase Agreement dated May 1, 2015.

39. Defendants admit that the transfer between Streamside Productions, LLC and Rich Media Exchange, LLC occurred within two years of the Petition date.

40. Defendants admit that the Debtor was insolvent and not operating at the time Streamside Productions, LLC transferred assets to Rich Media Exchange, LLC pursuant to the Asset Purchase Agreement dated May 1, 2015.

41. Defendants deny the allegations contained in paragraph 41.

42. Defendants deny the allegations contained in paragraph 42.

## RESPONSE TO THIRD CLAIM FOR RELIEF

43. Defendants incorporate by this reference their responses to the allegations contained in paragraphs 1 through 42 above.

44. Defendants admit that the Debtor was insolvent and not operating at the time Streamside Productions, LLC transferred assets to Rich Media Exchange, LLC pursuant to the Asset Purchase Agreement dated May 1, 2015.

45. Defendants admit that the Debtor, TripTelevision, did not receive any consideration for the transfer. The transfer was between Streamside Productions, LLC and Rich

Media Exchange, LLC. Defendants deny that Streamside Productions, LLC did not receive any consideration for the Asset Purchase Agreement dated May 1, 2015.

46. Defendants admit that the transfer between Streamside Productions, LLC and Rich Media Exchange, LLC occurred within four years of Debtor's Petition.

47. Defendants deny the allegations contained in paragraph 47.

48. Defendants deny the allegations contained in paragraph 48.

49. Defendants admit that the transfer between Streamside Productions, LLC and Rich Media Exchange, LLC occurred within four years of Debtor's Petition.

50. Defendants deny the allegations contained in paragraph 50.

51. Defendants deny the allegations contained in paragraph 51.

52. Defendants deny the allegations contained in paragraph 52.

53. With respect to the allegations contained in paragraph 53, those allegations state conclusions of law to which no factual response is required. To the extent that a factual response is deemed to be required, Defendants deny the allegations contained in paragraph 53 insofar as they attempt to allege that Defendants are liable for the remedies alleged.

54. With respect to the allegations contained in paragraph 54, those allegations state conclusions of law to which no factual response is required. To the extent that a factual response is deemed to be required, Defendants deny the allegations contained in paragraph 54 insofar as they attempt to allege that Defendants are liable for the remedies alleged.

**RESPONSE TO FOURTH CLAIM FOR RELIEF**

55. Defendants incorporate by this reference their responses to the allegations contained in paragraphs 1 through 54 above.

56. Defendants admit that the Debtor was insolvent and not operating at the time Streamside Productions, LLC transferred assets to Rich Media Exchange, LLC pursuant to the Asset Purchase Agreement dated May 1, 2015.

57. Defendants admit that the Debtor, TripTelevision, did not receive any consideration for the transfer. The transfer was between Streamside Productions, LLC and Rich Media Exchange, LLC. Defendants deny that Streamside Productions, LLC did not receive any consideration for the Asset Purchase Agreement dated May 1, 2015.

58. Defendants admit that the transfer between Streamside Productions, LLC and Rich Media Exchange, LLC occurred within four years of Debtor's Petition.

59. Defendants deny the allegations contained in paragraph 59.

60. Defendants deny the allegations contained in paragraph 60.

## RESPONSE TO FIFTH CLAIM FOR RELIEF

61. Defendants incorporate by this reference their responses to the allegations contained in paragraphs 1 through 60 above.

62. With respect to the allegations contained in paragraph 62, those allegations state conclusions of law to which no factual response is required. To the extent that a factual response is deemed to be required, Defendants deny the allegations contained in paragraph 62 insofar as they attempt to allege that Defendants are liable for civil conspiracy.

63. Defendants deny the allegations contained in paragraph 63.

64. Defendants deny the allegations contained in paragraph 64.

65. Defendants deny the allegations contained in paragraph 65.

66. Defendants deny the allegations contained in paragraph 66.

67. Defendants deny all factual allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

For their affirmative defenses, and subject to discovery, Defendants state:

1. Plaintiff may lack standing to allege the claims alleged because the property subject of the alleged transfers did not belong to the Debtor.

2. The Debtor did not have a legal or equitable interest in the video assets and video content that was the subject of the Asset Purchase between Streamside Productions, LLC and Rich Media Exchange, LLC.

3. The assets transferred between Streamside Productions, LLC and Rich Media Exchange, LLC were transferred for reasonably equivalent value.

4. Defendants at all times acted in good faith and consistent with their reasonable business judgment.

5. Defendant Strimbu, as an officer, member, or director of the Defendant LLCs, cannot conspire with the LLCs of which she is a member, officer or director as a matter of law. *See Pittman v. Larson Distrib. Co.*, 724 P.2d 1379, 1390 (Colo. App. 1986) ("A corporation and its employees do not constitute the 'two or more persons' required for a civil conspiracy, at least if the employees are acting on behalf of the corporation and not as individuals for their individual advantage.") (citations omitted).

6. Defendants reserve the right to amend this Answer to include other applicable affirmative defenses as discovery reveals.

WHEREFORE, Defendants respectfully request the Court to deny all claims for relief alleged by the Trustee, to award Defendants their costs and fees, and to enter other appropriate remedies as the law and facts indicate are just under the circumstances.

DATED: December 22, 2017.

*s/ Troy R. Rackham*
Troy R. Rackham, CO Registration No. 32033
FENNEMORE CRAIG, P.C.
1700 Lincoln Street, Suite 2400
Denver, Colorado 80203
trackham@fclaw.com
*Attorney for Defendants Rich Media Exchange, LLC, Streamside Productions, LLC and Kulin Strimbu*

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 22, 2017, I filed and served the foregoing Defendants' Answer with the Clerk of the United States Bankruptcy Court, District of Colorado, via the court's CM/ECF electronic filing system and upon the following at the email addresses set forth below:

| | |
|---|---|
| Lars_johnson@me.com | george@5280bankrupty.com |
| | |
| Lars Johnson, Esq. | George T. Dimitrov, Esq. |
| The Johnson Law Firm | Colorado Law Group |
| PO Box 10 | 1777 S. Bellaire St., Suite 419 |
| Eagle, CO 81631 | Denver, CO 80222 |
| *Attorney for Chapter 7 Trustee,* | |
| *David V. Wadsworth* | |

                                         s/ *Tami Lawley*
                                         Tami Lawley

13519182.1/036406.0002